# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

## AT TACOMA

| | | |
|---|---|---|
| **JEFF YOURSTON**, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | |
| **DYNAMIC COLLECTORS, INC.,** | ) | *JURY TRIAL DEMANDED* |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  NATURE OF ACTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and of the Revised Code of Washington, Chapter 19.16, both of which prohibit debt collectors from engaging in abusive,

Complaint - 1

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy by intrusion, ancillary to Defendant's collection efforts.

## II.  JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III.  PARTIES

3.   Plaintiff, Jeff Yourston, is a natural person residing in the State of Washington, County of Thurston, and City of Olympia.

4.    Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and a "debtor" as defined by RCW § 19.16.100(11).

5.    At all relevant times herein, Defendant, Dynamic Collectors, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

6.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and a "licensee," as defined by RCW § 19.16.100(9).

## IV.  FACTUAL ALLEGATIONS

7.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

Complaint - 2

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Defendant's conduct violated the FDCPA and RCW § 19.16 in multiple ways, including but not limited to:

    a. Without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction,  and without it being necessary to effect a post-judgment remedy, communicating with a third party other than in the manner prescribed by 15 USC § 1692b (§ 1692c(b));

    b. Disclosing to a third party the existence of the debt allegedly owed by Plaintiff.  In or around July, 2009, Defendant called the corporate office of Plaintiff's employer.  Plaintiff is a truck driver, so Defendant was not attempting to reach Plaintiff by calling this office.  An employee named Melayne answered the telephone for Plaintiff's employer.  Defendant told Melayne, without being asked its name, that it was calling from Dynamic Collectors and was seeking to verify employment for Jeff Yourston.  Melayne then asked Defendant if it would accept a wage assignment in lieu of a garnishment.  Defendant said yes it would (§ 1692b(2) & § 1692c(b));

    c. In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested.  Defendant disclosed its identity to Melayne without being asked during the call Defendant made to verify employment, described above (§ 1692b(1) & § 1692c(b));

    d. In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information.  Because Defendant did not yet have a judgment against Plaintiff, it had no legitimate purpose for contacting Plaintiff's employer.  Defendant did not call Plaintiff's employer to obtain location information (the only permissible purpose under law), because it did not ask Melayne any questions pertaining to location information.  Defendant simply told Defendant it was calling to verify employment and hung up when employment was verified (§ 1692b & § 1692c(b));

    e. Where Defendant had not yet made an attempt to contact Plaintiffs counsel or had not given Plaintiffs counsel sufficient time to respond to the initial attempt to communicate with Plaintiffs counsel, and where Plaintiffs counsel had not given Defendant permission to contact

Complaint - 3

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel (§ 1692c(a)(2)).

8.      Defendant's aforementioned activities, set out in paragraph 7, also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person.  With respect to the setting that was the target of Defendant's intrusions, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

9.      As a result of Defendant's behavior, detailed above, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT I: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

10.      Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.      Declaratory judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages;

C.      Statutory damages;

Complaint - 4

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

D.     Costs and reasonable attorney's fees; and,

E.     For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF WASHINGTON COLLECTION AGENCY ACT,  WHICH IS A PER SE VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

11.     Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Actual damages;

B.     Discretionary Treble Damages;

C.     Costs and reasonable attorney's fees,

D.     For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION

12.     Plaintiff reincorporates by reference all of the preceding paragraphs.

Complaint - 5

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.    Actual damages

B.    Punitive Damages; and,

C.    For such other and further relief as may be just and proper.

Respectfully submitted this 1st day of December, 2009.

s/Jon N. Robbins
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

Complaint - 6

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com